**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 13-cv-01636-REB-KMT

ELECTRONIC PACKAGING SOLUTIONS, INC. ET AL,

    Plaintiff,

v.

DICKSTEIN SHAPIRO, LLP,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

**Blackburn, J.**

This matter is before me on defendant **Disckstein Shapiro, LLP's Motion to Transfer Venue** [#14][1] filed July 29, 2013. The plaintiff filed a response [#16], and the defendant filed a reply [#17]. I deny the motion.

### I. JURISDICTION

This is an action for declaratory judgment arising under C.R.C.P. 57 and §13-51-101, C.R.S.  This court has jurisdiction under 28 U.S.C. §1332 (diversity).

### II. STANDARD OF REVIEW

Title 28 U.S.C. § 1404(a) allows a transfer of venue when, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the current venue is proper, the burden of demonstrating increased convenience and the furtherance of justice through a transfer of venue rests squarely on the moving party. ***Chrysler Credit Corp. v. Country Chrysler, Inc.,*** 928 F.2d 1509, 1515 (10th Cir. 1991) ("The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.") (citation omitted). While convenience is determined by "the individualized, case-by-case consideration of convenience and fairness," ***Van Dusen v. Barrack***, 376 U.S. 612, 622 (1964), district courts weigh several factors in determining whether transfer is appropriate. The court considers:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

***Chrysler*** at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter,*** 371 F.2d 145, 147 (10th Cir.1967)). No single factor is determinative, and none is preponderant; instead, there is considerable discretion regarding the weight afforded to each factor. ***Id.***

### III. FACTS

Plaintiff David Stark is the principal shareholder, officer, and director of both plaintiff EverSealed Windows, Inc. (ESW) and plaintiff Electronic Packaging Solutions, Inc. (EPS). *Complaint* [#35], ¶¶ 2-5. Mr. Stark is a citizen and full-time resident of Jefferson County, Colorado. While EPS is a Colorado corporation and ESW is a Delaware Corporation, both entities maintain their principal place of business in

2

Jefferson County, Colorado.  Defendant Dickstein Shapiro, LLP is a law firm based in Washington, D.C.

Mr. Stark, on behalf of EPS, entered into fee agreements for legal services with Dickstein Shapiro on January 12, 2005, May 25, 2005, and February 2, 2006.  In the agreements, Dickstein Shapiro agreed to advise and represent EPS regarding a licensing program including "review of (EPS's) patent portfolio, developing a licensing strategy, identifying and selecting potential licensees, drafting and negotiating licensing agreements, and drafting and negotiating agreements with an investor." *Complaint* [#35], ¶ 10.  The plaintiffs were to be billed on both a value-added and hourly basis.  Dickstein Shapiro claims it is entitled to a value-added fee of three million dollars if certain contingencies are met.  The plaintiffs and Dickstein Shapiro disagree on the amount of hourly fees billed, paid, and owed, but they agree that no fees have been paid since March 2007.  After Dickstein Shapiro threatened to sue the plaintiffs for outstanding legal fees, the plaintiffs filed this complaint claiming: (1) Dickstein Shapiro is estopped from asserting any claim to Hourly Fees based on representations from an authorized representative of Dickstein Shapiro; (2) The fee claims are barred by applicable statutes of limitation and by laches; (3) The fees claimed by Dickstein Shapiro are patently unreasonable and excessive; (4) Conditions in the fee agreements preclude any fees until EPS generates revenue from licensing or sale of its assets; (5) The fee agreements also preclude payment from ESW or Stark because Dickstein Shapiro did not have a contractual relationship with them; and (6) The value added contingent fees are void *ab initio* under Colorado law.

The plaintiffs filed their complaint in the District Court. Jefferson County, Colorado, on June 3, 2013.  Dickstein Shapiro filed a **Notice of Removal** [#1] on June

21, 2013, and removed the case to this court. On July 29, 2013, Dickstein Shapiro filed an **Answer, Counterclaim, and Jury Demand** [#13] and its **Motion to Transfer Venue under 28 U.S.C. §1404** [#14].

## IV. ANALYSIS

**§1404(a) Factors**

**A. Plaintiff's Choice of Forum:**

The plaintiff's choice of forum weighs against transfer. The Tenth Circuit gives great deference to a plaintiff's choice of forum,[2] and "'[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" ***Scheidt v. Klein,*** 956 F.2d 963, 965 (10th Cir. 1992) (quoting ***William A. Smith Contracting Co. v. Travelers Indem. Co.,*** 467 F.2d 662, 664 (10th Cir.1972)); see also ***Deer Creek Dev., LLC v. Kim,*** No. 06-CV-00083-LTB-MJW, 2006 WL 1154213, at *2 (D. Colo. May 1, 2006) ("[plaintiff's] choice of venue carries considerable weight"); ***Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,*** 618 F.3d 1153, 1167 (10th Cir. 2010) ("The plaintiff's choice of forum weighs against transfer."). While the plaintiff's choice of forum is not the deciding factor, it is significant in the court's analysis. Dickstein Shapiro argues that the plaintiff's choice of forum should carry little weight because the claims involve fees owed to a law firm located in Washington D.C., for services rendered in Washington D.C. Given these circumstances, Dickstein Shapiro contends transfer will further the

---

[2] The court notes that the plaintiffs' original forum of choice was the District Court of Jefferson County, Colorado, and the current forum is the result of defendant's motion to remove to federal district court. While the current forum was not originally selected by the plaintiff, because the defendant does not address this issue and plaintiffs favor the current forum, it shall be considered the plaintiffs' forum of choice. See ***Early Success Acad., Inc. v. Nat'l Convenience Stores, Inc.,*** No. CIVA06CV00342-WDMCBS, 2007 WL 437638, at *3 n.2 (D. Colo. Feb. 5, 2007).

convenience of witnesses and the interest of justice. While the majority of work performed by Dickstein Shapiro occurred in Washington D.C., it is the fee agreement, not the work, that is disputed. Both the claims and the counterclaims focus on the validity and enforcement of the fee agreements. The fee agreements were executed in Colorado, entered into by Colorado residents, and binding on Colorado residents. Thus, the facts giving rise to the lawsuit have a material relation and significant connection to the plaintiff's chosen forum. See **Potter Voice Techs. LLC v. Apple, Inc.**, No. 12-CV-01096-REB-CBS, 2013 WL 1333483, at *3 (D. Colo. Mar. 29, 2013) (transfer of venue is appropriate when "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."(citation omitted)). The underlying facts in this case have a substantial connection to Colorado and do not support a transfer of venue.

**B. Accessibility of Witnesses and other Proof:**

The accessibility of witnesses and other proof weighs against transfer. While "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)," **Employers Mut.,** 618 F.3d at 1169, the movant bears the burden of establishing inconvenience by identifying: (1) the witness and their location; (2) The materiality of their testimony; and (3) The witness' unwillingness to come to trial and that a deposition is unsatisfactory. *Id.* Predictably, both parties argue their preferred venue is more convenient for themselves and their employees; however, shifting inconvenience from one party to another is not a valid basis for transfer. *Id.* at 1167. Additionally, the convenience of non-party witnesses is afforded more weight than the convenience of parties and their employees. See **Potter Voice Techs.**, 2013 WL

1333483 at *2 ("[T]he convenience of non-party witnesses weighs more heavily than the convenience of parties and their employees."). Dickstein Shapiro addresses the first two elements for establishing inconvenience as related to three, potential, non-party witnesses by naming the witnesses, giving their current location, and describing the materiality of their testimony. *Defendant's reply* [#17]. Dickstein Shapiro does not discuss whether the non-party witnesses are willing to come to trial in Colorado or why deposition testimony is unsatisfactory. Thus, Dickstein Shapiro fails to meet its burden of establishing that the inconvenience for potential non-party witnesses weighs significantly in favor of transfer.

**C. Cost of Making Necessary Proof:**

The cost of making necessary proof is a neutral factor. The proof in this case is testimonial and documentary. Litigation in either venue will require travel and document production. Neither venue significantly reduces the overall cost of litigation. Concerning document production, the issues of this case revolve around three, two-page fee agreements. Both sides argue that providing documentary evidence will be cheaper in their forum of choice. The court remains unconvinced. Any disputed or supporting documents may be transported physically or electronically without difficulty to either venue. Thus, the cost of making the necessary proof does not weight in favor of either venue.

**D. Advantages of a Local Court:**

The advantage of a local court is a neutral factor. The claims and counterclaims focus on attorney fee agreements and contract law. Because the rules governing attorney fee agreements and contract law are relatively simple and similar in both venues, there is no advantage to having a local court decide issues of local law. *See*

6

*Scheidt*, 956 F.2d at 966 (relative simplicity of legal issues involved in contract claims does not support venue transfer).

**E. Remaining Factors:**

The other factors considered in a §1404 analysis are not at issue or are neutral. While both parties argue their choice of venue will enhance enforcement of a judgement, the court finds this factor is neutral. Plaintiffs are not seeking a monetary judgement, and a judgment from either venue may be transferred for purposes of collection.

## V. CONCLUSION & ORDER

On balance, the relevant factors weigh against transfer of this case. Because Dickstein Shapiro fails to demonstrate that transfer significantly will further the convenience of the parties and witnesses and will be in the interest of justice, the plaintiff's choice of venue should not be disturbed.

**THEREFORE IT IS ORDERED** that defendant **Dickstein Shapiro LLP's Motion To Transfer Venue** [#14] filed July 29, 2013, **IS DENIED.**

Dated March 6, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

7